Artin Betpera (State Bar No. 244477)
GREEN & HALL, A PROFESSIONAL CORPORATION
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Attorneys for Plaintiff
TITLE RESOURCES GUARANTY COMPANY

FILED
12 MAR 21 PM 3:41
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| TITLE RESOURCES GUARANTY COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CRISTINE SUTTON f/k/a CRISTINE CHANG, an individual; BRYAN GEEKEONG SUTTON, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV12-02445 SVW (MANx)<br><br>**VERIFIED COMPLAINT OF PLAINTIFF FOR:**<br>**1. QUIET TITLE**<br>**2. DECLARATORY RELIEF**<br>**3. CONSTRUCTIVE TRUST**<br>**4. FRAUD**<br>**5. CONSPIRACY**<br><br>[DEMAND FOR JURY TRIAL] |

Plaintiff Title Resources Guaranty Company, a Texas corporation, for its causes of action against Defendants Cristine Sutton f/k/a Cristine Chang and Bryan Geekeong Sutton, alleges as follows:

## I. INTRODUCTION

1. Defendants Cristine and Bryan Sutton committed fraud in the sale of real property located at 380 South Euclid Avenue #307, Pasadena, California (the "Subject Property") through the fraudulent recordation of a false reconveyance of a deed of trust securing a $321,000 loan made by Wells Fargo Bank, NA ("Wells Fargo") to Defendant Cristine Sutton (the "Wells Fargo Loan") to create the appearance that the Subject Property was unencumbered.

///



GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

2. Plaintiff Title Resources Guaranty ("TRGC"), through a policy of title insurance, insured the purchasers of the Subject Property (the "Purchasers") against certain title risks. The Purchasers of the Subject Property unknowingly took title subject to the fraudulently reconveyed deed of trust. As a result, TRGC has been required to accept the Purchasers' claim under this policy of title insurance, and has been harmed by incurring significant expense in defending the Purchasers' title to the Subject Property. In addition to this harm, Wells Fargo recorded a Notice of Default against the Subject Property on January 6, 2012; TRGC will soon resolve the Wells Fargo Loan, and will suffer great monetary harm, in order to avoid foreclosure.

3. These circumstances have put TRGC in a position of being, in effect, the successor to Wells Fargo. Since Defendants' conduct effectively destroyed the prior security for the Wells Fargo Loan, equity and justice compel the re-establishment of this security through substitute collateral consisting of an equitable mortgage on Defendants' new primary residence located at 225 Aumoe Road, Kailua, Hawaii 96734 (the "Hawaii Property").

## II. THE PARTIES

4. Plaintiff TRGC is a Texas corporation with its principal place of business in the State of Texas, and at all relevant times herein, was duly authorized to conduct business in the State of California.

5. Defendant Cristine Sutton, formerly known as Cristine Chang, is an individual who resides in the County of Honolulu, State of Hawaii.

6. Defendant Bryan Geekeong Sutton is an individual who resides in the County of Honolulu, State of Hawaii.

7. TRGC is informed and believes, and on that basis alleges, that at all relevant times herein Defendants were each acting as an agent, servant or representative of each of said other Defendants, or were at all times mentioned herein acting within the course and scope of such agency, servitude or representation, and that all acts of said Defendants, and each of them, were authorized, directed and ratified by each of the remaining Defendants.

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

8. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants herein designated by the fictitious names DOES 1 through 50 (the "DOE Defendants"), inclusive are unknown to TRGC, who therefore sues these defendants by such fictitious names. When the true names and capacities of the DOE Defendants have been ascertained, TRGC will amend this pleading accordingly. TRGC is informed and believes and based thereon alleges that each of the DOE Defendants is in some manner responsible for the acts, omissions and/or occurrences hereinafter alleged and actually and proximately caused and/or contributed to the various injuries and damages set forth in herein.

## III. JURISDICTION AND VENUE

9. This Court has personal jurisdiction over the parties because they are either residents of the State of California, have engaged in business activities in the State of California, or have committed tortious acts within the State of California. In addition, the real property sale transaction that forms the subject of this litigation occurred in the State of California.

10. This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. section 1332 because of the complete diversity of citizenship of the parties, and because the amount in controversy exceeds $75,000.

11. Venue is proper in this District because, under 28 U.S.C. § 1391(b), a substantial part of the events or omissions giving rise to the claims herein occurred within this District.

## IV. GENERAL ALLEGATIONS

12. On or about July 19, 2006, Defendant Cristine Sutton purchased the Subject Property. Defendant Cristine Sutton's purchase was financed by a $321,000 loan made by Wells Fargo secured by Deed of Trust (the "Wells Fargo Deed of Trust") on the Subject Property.

13. TRGC is informed and believes, and based thereon alleges that in late 2010, Defendants devised a scheme to steal approximately $321,000 of equity in the Subject

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

Property that consisted of the security for the Wells Fargo Loan. TRGC is informed and believes, and based thereon alleges that through this scheme, Defendants agreed and conspired to record a false reconveyance of the Wells Fargo Deed of Trust to create the appearance that the Subject Property was unencumbered. Defendants then agreed and conspired to sell the Subject Property to innocent purchasers, who would pay the full purchase price of the Subject Property to the Defendants without paying off the Wells Fargo Loan.

14. TRGC is informed and believes, and based thereon alleges that on or about November 30, 2010, Defendants prepared a false "Deed of Reconveyance" purporting to reconvey the Wells Fargo Deed of Trust (the "False Reconveyance"). In this False Reconveyance, Bryan Sutton misrepresented that he was the "Trustee" of Wells Fargo Deed of Trust, and had Wells Fargo's "tacit authorization and consent to reconvey," the Deed of Trust. Defendants further misrepresented in the False Reconveyance that the Wells Fargo Loan was "fully satisfied." On December 9, 2010, Defendants caused the False Reconveyance to be recorded in the Official Records of the County of Los Angeles as Instrument No. 20101822157. The False Reconveyance is attached as Exhibit "A" to this Complaint.

15. TRGC is informed and believes, and based thereon alleges that Defendants continued to make payments on the Wells Fargo Loan to avoid detection of the False Reconveyance.

16. In or around April of 2011, Defendants listed the Subject Property for sale. TRGC is informed and believes, and based thereon alleges that through the recordation of the False Reconveyance, Defendants intended to mislead any would-be purchasers, and all other parties to the sale transaction, into believing that the Subject Property was unencumbered, and that Defendants were entitled to the full purchase price of the Subject Property without the necessity of paying off any prior encumbrances.

/ / /

/ / /

17. In or about July of 2011, the Purchasers of the Subject Property responded to Defendants' listing and ultimately contracted to purchase the Subject Property from Defendant Cristine Sutton.

18. TRGC provided a policy of title insurance that insured the Purchasers' title to the Subject Property against certain risks enumerated in the title policy (the "Title Policy"). The Title Policy was issued to the Purchasers by TRGC's affiliate Equity Title Company ("ETC"), the sub-escrow agent for the sale transaction. Sub-escrow agents such as ETC provide services for real property transactions including the issuance of policies of title insurance, and the delivery of funds to lien holders in order to place title in the condition called for in the agreement between the seller, buyer and/or lender.

19. Throughout this real property sale transaction, Defendants actively concealed from every party involved the fact that the Subject Property was encumbered by the Deed of Trust securing the Wells Fargo Loan.

20. For example, in response to an e-mail inquiry made on August 16, 2011 by primary escrow agent West Coast Escrow regarding the status of the Wells Fargo Loan, Defendant Cristine Sutton misrepresented that the Wells Fargo Loan had been "paid off in full", and attached a copy of the False Reconveyance "as proof." Defendant Cristine Sutton's e-mail is attached as Exhibit "B" to this Complaint.

21. The Purchasers ultimately purchased the Subject Property for the price of $370,000. In reliance on Defendants' misrepresentations and concealments of material fact (including the False Reconveyance), TRGC provided the Title Policy for the benefit of the Purchasers.

22. On or about August 4, 2011, Defendant Cristine Sutton executed a Grant Deed conveying title to the Subject Property to the Purchasers (the "Grant Deed"). The Grant Deed was recorded on September 15, 2011 in the Official Records of the County of Los Angeles as Instrument No. 20111256745 and is attached as Exhibit "C" to this Complaint.

///

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

23. After purchasing the Subject Property, the Purchasers discovered that Defendants had lied about the fact that the Wells Fargo Loan had been paid off, and discovered that the Defendants had recorded the False Reconveyance purporting to release the Deed of Trust securing the Wells Fargo Loan. This discovery was prompted by the recordation by Wells Fargo of a Notice of Default against the Subject Property as a result of Defendants' failure to make their required payments under the Wells Fargo Loan.

24. As a result, the Purchasers tendered a claim under the Title Policy to TRGC. This claim is covered under the Title Policy issued to the Purchasers, and TRGC has accepted the Purchasers' claim. As a result of Defendants' fraud, TRGC has now been required to expend resources in defending the Purchasers' title to the Subject Property, and will have to secure the release of the Wells Fargo Deed of trust through satisfaction of the Wells Fargo Loan, or by exercising one of its other options under the Title Policy to protect its insureds.

25. Through Defendants' willful and unlawful conduct, TRGC has in effect become the unwilling successor mortgagee of the Wells Fargo Loan, it bearing the ultimate responsibility for its satisfaction to preserve the Purchasers' title to the Subject Property. However, Defendants' conduct has effectively resulted in the destruction of the security for the Wells Fargo Loan. As the unwilling successor mortgagee to Wells Fargo, TRGC now seeks replacement collateral for the Wells Fargo Loan. Through this lawsuit, TRGC not only seeks to recover the considerable damage caused by Defendants' fraudulent conduct, but seeks to re-establish the security for the Wells Fargo Loan through an equitable mortgage on Defendants' current primary residence, the Hawaii Property.

**FIRST CLAIM FOR RELIEF**

**(Quiet Title against Defendants, and DOES 1 through 50)**

26. TRGC incorporates by reference the allegations set forth above in paragraphs 1 through 20, as through full set forth herein.

///

///

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

27. Through the above-described conduct of Defendants, TRGC has become the unwilling *de facto* successor and assignee of the Wells Fargo Loan, it bearing the ultimate responsibility for its satisfaction to preserve the Purchasers' title to the Subject Property.

28. Defendants, through their above-described conduct, have effectively destroyed the security for the Wells Fargo Loan through the recordation of the False Reconveyance, and sale of the Subject Property to innocent purchasers.

29. TRGC, as Defendants' new mortgagee, now seeks replacement collateral for the Wells Fargo Loan through the imposition of an equitable mortgage upon the Hawaii Property, identified as Assessors Parcel No. 420190020000. The legal description of the Hawaii Property is attached to this Complaint as Exhibit "D".

30. TRGC seeks a determination from this Court that the Hawaii Property is subject to an equitable mortgage in favor of TRGC to secure repayment of the remaining principal balance of the Wells Fargo Loan in an amount no less than $321,000. TRGC seeks this determination effective as of December 9, 2010, the date of recordation of the False Reconveyance.

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

**<u>SECOND CLAIM FOR RELIEF</u>**

**(Declaratory Relief against Defendants, and DOES 1 through 50)**

31. TRGC incorporates by reference the allegations set forth above in paragraphs 1 through 25, as through full set forth herein.

32. An actual controversy has arisen between TRGC and Defendants concerning the title to the Hawaii Property. TRGC contends that it is entitled to an equitable mortgage on the Hawaii Property as replacement collateral for the Wells Fargo Loan, since Defendants effectively destroyed the original collateral for the loan through their above-described fraud.

33. TRGC seeks a determination from the Court that, due to Defendants' above-described conduct, the Hawaii Property shall serve as the replacement collateral for the Wells Fargo Loan, and that the Hawaii Property is subject to an equitable mortgage with an

effective date of December 9, 2010 for the benefit of TRGC, and for the purpose of securing the repayment of the funds expended to satisfy the Wells Fargo Loan.

**THIRD CLAIM FOR RELIEF**

**(Constructive Trust against Defendants, and DOES 1 through 50)**

34. TRGC incorporates by reference the allegations set forth above in paragraphs 1 through 28, as through full set forth herein.

35. Defendants, through their above-described conduct, wrongfully obtained approximately $321,000 of the purchase price of the Subject Property that should have been used to pay off the Wells Fargo Loan.

36. As a result of Defendants' conduct set forth above, Defendants hold these proceeds as constructive trustee for TRGC's benefit, as TRGC has been forced to defend the Purchasers' title to the Subject Property because of Defendants' above-described conduct.

**FOURTH CLAIM FOR RELIEF**

**(Fraud against Defendants, and DOES 1 through 50)**

37. TRGC incorporates by reference the allegations set forth above in paragraphs 1 through 32, as through full set forth herein.

38. As set forth in detail above, Defendants misrepresented to all parties involved in the purchase of the Subject Property that the Subject Property was unencumbered, and actively concealed the fact that the Subject Property was subject to a Deed of Trust securing the Wells Fargo Loan.

39. These misrepresentations and concealments of material facts included Defendants' recordation of the False Reconveyance that misrepresented that: (1) Defendant Bryan Sutton was the Trustee of the Deed of Trust securing the Wells Fargo Loan; (2) that Defendant Bryan Sutton had the authority to record a reconveyance of the Deed of Trust; and (3) that the Wells Fargo Loan had been fully satisfied.

///

///



GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

40. By recording the False Reconveyance in the chain of title to the Subject Property, Defendants intended to induce all parties to the sale of the Subject Property, including TRGC, to close the sale and/or pay the full purchase price of the Subject Property to Defendants. Defendants also made further misrepresentations to the primary escrow agent for the sale of the Subject Property, including misrepresentations made by Defendant Cristine Sutton via e-mail that the Wells Fargo Loan had been paid in full.

41. TRGC is informed and believes, and based thereon alleges that Defendants knew these representations were false at the time that they made them, and made these representations, and concealed material facts with the intent to induce the parties involved in the sale of the Subject Property, including TRGC, to take the necessary steps to close the sale transaction, and to take the necessary actions to release the full purchase price of the Subject Property to Defendants without paying off the Wells Fargo Loan.

42. TRGC's agent reasonably relied upon the False Reconveyance in providing the Title Policy to the Purchasers. As sellers of the Subject Property, Defendants were under a duty to all parties involved to fully and accurately disclose material facts concerning the encumbrances on the Subject Property, and not to misrepresent facts or record fraudulent documents concerning those encumbrances.

43. As a direct and proximate result of Defendants' misrepresentations and concealment of material facts, TRGC has been damaged in an amount according to proof at the time of trial.

44. Defendants' conduct as set forth above was intentional, wanton, and willful, entitling TRGC to punitive and exemplary damages.

**FIFTH CLAIM FOR RELIEF**

**(Conspiracy against Defendants, and DOES 1 through 50)**

45. TRGC incorporates by reference the allegations set forth above in paragraphs 1 through 40, as through full set forth herein.

///

///

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

46. TRGC is informed and believes, and based thereon alleges that Defendants Cristine and Bryan Sutton collectively agreed, by words or conduct, to defraud all parties involved in the sale of the Subject Property, including TRGC, through concealing and misrepresenting material facts concerning the existence of the Deed of Trust against the Subject Property securing the Wells Fargo Loan.

47. TRGC is informed and believes, and based thereon alleges that one or more unlawful acts were performed to accomplish this goal, including but not limited to the preparation and recordation of the False Reconveyance.

48. TRGC suffered damages in an amount according to proof at the time of trial that were caused by the acts performed to accomplish the Defendants' goal of defrauding TRGC in the sale of the Subject Property.

49. Defendants' conduct as set forth above was intentional, wanton, and willful, entitling TRGC to punitive and exemplary damages.

WHEREFORE, TRGC prays for judgment in its favor as follows against all Defendants as follows:

1. For a declaration and judgment that Defendants' title to the Hawaii Property is subject to an equitable mortgage effective December 19, 2010 for the benefit of TRGC in an amount no less than $321,000;

2. For an order declaring that defendant holds the funds that should have been utilized to pay off the Wells Fargo Loan in trust for the benefit of TRGC;

3. For damages against Defendants in an amount equal to the actual damages suffered by TRGC in an amount according to proof at the time of trial;

4. An award of punitive damages for the intentional and willful acts of Defendants;

5. For reasonable attorneys' fees;

6. For costs of suit incurred herein; and

///

///

7. For such other and further relief as the court may deem proper.

Dated: March 21, 2012

GREEN & HALL, A PROFESSIONAL CORPORATION

By: ______________________________
Howard D. Hall, Esq.
Artin Betpera, Esq.
Attorneys for Plaintiff
TITLE RESOURCES GUARANTY COMPANY

**DEMAND FOR JURY TRIAL**

TRGC hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: March 21, 2012

GREEN & HALL, A PROFESSIONAL CORPORATION

By: ______________________________
Howard D. Hall, Esq.
Artin Betpera, Esq.
Attorneys for Plaintiff
TITLE RESOURCES GUARANTY COMPANY

GREEN & HALL ATTORNEYS AT LAW A PROFESSIONAL CORPORATION

# VERIFICATION

I, the undersigned, citizen of the United States, am a Vice President and Claims Counsel of Plaintiff Title Resources Guaranty Company, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read the foregoing Verified Complaint and, other than the matters stated on information and belief, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed this 20th day of March, 2012 at Dallas, Texas.

Paul V. Myers

GREEN & HALL ATTORNEYS AT LAW

# EXHIBIT "A"

This page is part of your document - DO NOT DISCARD

**20101822157**

Pages: 0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County, California

12/09/10 AT 10:59AM

| | |
|---|---|
| FEES: | 24.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 24.00 |

LEADSHEET

201012090720023

00003412828

003035547

SEQ:
01

DAR - Counter (Hard Copy)

THIS FORM IS NOT TO BE DUPLICATED

2

12/09/2010

*20101822157*

Recording Requested by:

WELLS FARGO BANK, N.A.

When recorded mail to:

BRIAN SUTTON
C/O 225 AUMOE RD.
KAILUA, HI 96734

This space reserved for county recorder

**DEED OF RECONVEYANCE**

Whereas **Brian Sutton, Trustee**, under that certain Deed of Trust dated August 23, 2006, recorded as **Instrument No.: 06-1899210**, in the Office of the Recorder of LOS ANGELES COUNTY, CALIFORNIA, made and executed by **CRISTINE CHANG, as Trustor-Grantor**, having received from WELLS FARGO & CO, WELLS FARGO BANK, N.A., WELLS FARGO HOME MORTGAGE, ET AL, tacit authorization and consent to reconvey, reciting that all sums secured by said Deed of Trust have been fully satisfied, do hereby reconvey, without warranty, to the person or persons legally entitled thereto, all right, title, and interest heretofore acquired and now held by Trustee under said Deed of Trust, and all subsequent amendments thereto, in the real property commonly known as **380 SOUTH EUCLID AVENUE, UNIT #307, PASADENA CA 91101**, and more particularly described as follows:

SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN FOR ALL PURPOSES

Date 11/30/10

[signature]
Brian Sutton, Trustee

**CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC**

STATE OF Hawaii )
City & COUNTY OF Honolulu ) SS
)

On November 30, 2010, before me, B Paio, notary public, (here insert name and title of the officer), personally appeared Brian Sutton, who proved to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the STATE OF Hawaii that the foregoing paragraph is true and correct.

Witness my hand and official seal

B Paio
Signature of Notary Public

(Seal) B. PAIO NOTARY PUBLIC Comm. No. 06-361 STATE OF HAWAII

B. Paio
My commission expires:
June 18, 2014

"NOTARY CERTIFICATE ON NEXT PAGE"

3

**HAWAII ALL-PURPOSE ACKNOWLEDGMENT**

State of Hawaii
City & County of Honolulu } ss.

On this 30th (Day) day of November (Month), 2010 (Year),

Before me personally appeared

(1) Brian Sutton,
Name of Signer

(2)and ______________________,
Name of Signer

To me personally known, who, being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable in the capacity shown, having been duly authorized to execute such instrument in such capacity.

B. PAIO
NOTARY PUBLIC
Comm. No. 06-361
STATE OF HAWAII

[signature] BPaio
Signature of Notary Public

My commission expires: June 18, 2014

Notary Name: B Paio First Circuit

Description of Document and Signer

Doc. Description Deed of Reconveyance Date: 8/23/2006 No. Pgs: 1

Signer(s) other than named above ______________________

4

## EXHIBIT "A"

A Condominium comprised of:

Parcel 1:

That portion of Lot 1 of Tract 34119, in the City of Pasadena, County of Los Angeles, State of California, as per map recorded in Book 904, Page(s) 78 and 79 of Maps, in the Office of the County Recorder of said County, shown and defined as Unit: 307 on the Condominium Plan recorded March 28, 1979 as Instrument 70-335679 of Official Records.

Parcel 2:

An undivided 3.409 interest in and to Lot 1 of said Tract No.: 34119, shown and defined as "Common Area" on said Condominium Plan.

Except therefrom those portions shown and defined as Units 102-111 inclusive, 201-211 inclusive, and 301-311 inclusive, on said Condominium Plan.

Except therefrom all oil, natural gas, minerals, and other hydro-carbons, below a depth of 500 feet, without a height if surface entry, as reserved in deeds of record.

# EXHIBIT "B"

**Me .a, Coralia (TRG)**

**From:** Seda, Marlene (TRG)
**Sent:** Wednesday, August 17, 2011 9:40 AM
**To:** TRG Equity Title Glendale Unit 70
**Subject:** FW: 380 Euclid
**Attachments:** Deed of Reconveyance_1.27.11 001.jpg; Deed of Reconveyance_1.27.11 002.jpg

order # 1172018

Please review and advise asap for item # 3 of prelim...

thank you

---

**From:** Cristine Chang [mailto:crischang1122@yahoo.com]
**Sent:** Tuesday, August 16, 2011 10:35 PM
**To:** Seda, Marlene (TRG)
**Subject:** Re: 380 Euclid

Aloha Marlene,

Thanks for your inquiry. Yes, this loan was paid off in full. Please see the attached Deed of Reconveyance as proof, recorded on 12/9/10.

Mahalo and have a great day,
Cristine

---

**From:** "Seda, Marlene (TRG)" <Marlene.Seda@WESTCOASTESCROW.com>
**To:** "'crischang1122@yahoo.com'" <crischang1122@yahoo.com>
**Sent:** Tuesday, August 16, 2011 10:59 AM
**Subject:** 380 Euclid

Good Afternoon

We were just checking in your escrow instructions and notice that you put on your "Homeowner information sheet" that you had no loans against the property. The preliminary title report shows a Deed of Trust was recorded against the property on August 23, 2006 in favor of Wells Fargo.. Is this loan paid off? Please adivse as soon as possible.

Thank you

Marlene D. Seda
West Coast Escrow
388 S. Lake Avenue
Pasadena, Ca. 91101
626-449-0337
fax: 626-449-3809

---

This electronic mail message transmission contains information which may be Confide

If you have received this electronic mail transmission in error, please notify the

---

# EXHIBIT "C"

This page is part of your document - DO NOT DISCARD

**20111256745**

Pages: 0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

09/15/11 AT 08:00AM

| | |
|---|---|
| FEES: | 25.00 |
| TAXES: | 407.00 |
| OTHER: | 0.00 |
| PAID: | 432.00 |

LEADSHEET

201109150240009

00004676873

003511266

SEQ:
01

DAR - Title Company (Hard Copy)

THIS FORM IS NOT TO BE DUPLICATED

T15

RECORDING REQUESTED BY:
EQUITY TITLE-LOS ANGELES

AND WHEN RECORDED MAIL TO:
Lawrence Wagman and Michele Wagman
380 South Euclid Avenue #307
Pasadena, CA 91101

Order No.: LA1172018
Escrow No.: PA-07603-SC
A.P.N.: 5722-033-054

2

09/15/2011
*20111256745*

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

55

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX IS $ 407.00 CITY TRANSFER TAX IS $
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] unincorporated area [X] City of **Pasadena** AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Cristine Sutton, who acquired title as Cristine Chang**

hereby GRANT(S) to

**Lawrence Wagman and Michele Wagman**, Husband and wife as community property with right of survivorship

the following described real property in the County of **Los Angeles**, State of California:

See Exhibit "A" attached hereto and made a part hereof for complete legal description.
**AKA: 380 South Euclid Avenue Unit 307, Pasadena, CA 91101**

Dated: **August 4, 2011**
STATE OF CALIFORNIA
COUNTY OF ____________ } ss.

Cristine Sutton
**Cristine Sutton, who acquired title as Cristine Chang**

On ____________ before me
____________
Notary Public, personally appeared
____________
____________
____________

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s), acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature ____________
Signature of Notary

**"NOTARY CERTIFICATE ON NEXT PAGE"**

Commission Expiration Date: ____________

(This area for official notarial seal)

MAIL TAX STATEMENTS TO: Lawrence Wagman and Michele Wagman, 380 South Euclid Avenue #307, Pasadena, CA 91101

1A

3

**HAWAII ALL-PURPOSE ACKNOWLEDGMENT**

State of Hawaii
City & County of Honolulu } ss.

On this 12th day of August, 2011, before me personally appeared

(1) Cristine Sutton,

(2) and ________,

personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the foregoing instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

B. PAIO NOTARY PUBLIC Comm. No. 06-361 STATE OF HAWAII

*WITNESS my hand and official seal.*

B Paio

My commission expires: June 18, 2014

Notary Name: B. Paio

## NOTARY PUBLIC CERTIFICATION

Document Date: August 4, 2011 # pgs: 1

Notary Name: B. Paio First Circuit

Doc. Description: Grant Deed

B. PAIO NOTARY PUBLIC Comm. No. 06-361 STATE OF HAWAII

Notary Signature: B Paio

Date: August 12, 2011

4

ORDER NO. LA1172018

## EXHIBIT "A"

A CONDOMINIUM COMPOSED OF:

PARCEL 1:

THAT PORTION OF LOT 1 OF TRACT NO. 34119, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 904, PAGES 78 AND 79 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, SHOWN AND DEFINED AS UNIT 307 ON THE CONDOMINIUM PLAN RECORDED MARCH 28, 1979 AS INSTRUMENT NO. 79-335679, OF OFFICIAL RECORDS OF SAID COUNTY.

PARCEL 2:

AN UNDIVIDED 3.409 INTEREST IN AND TO LOT 1 OF SAID TRACT NO. 34119 SHOWN AND DEFINED AS "COMMON AREA" ON SAID CONDOMINIUM PLAN.

EXCEPT THEREFROM THOSE PORTIONS SHOWN AND DEFINED AS UNITS 102-111 INCLUSIVE, 201-211 INCLUSIVE AND 301-311 INCLUSIVE, ON SAID CONDOMINIUM PLAN.

EXCEPTING THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, BUT WITHOUT, HOWEVER, THE RIGHT OF SURFACE ENTRY ABOVE A DEPTH OF 500 FEET FROM THE SURFACE OF SAID LAND. AS RESERVED IN DOCUMENT RECORDED FEBRUARY 19, 1981 AS INSTRUMENT NO. 81-184415, OF OFFICIAL RECORDS.

PARCEL 3:

AN EXCLUSIVE EASEMENT TO USE PARKING SPACE (S) 307P & 307PP FOR VEHICLE PARKING PURPOSES AS DESIGNATED ON SAID CONDOMINIUM PLAN.

***END OF LEGAL DESCRIPTION***

# EXHIBIT "D"

## LEGAL DESCRIPTION

ALL OF THAT CERTAIN PARCEL OF LAND (BEING PORTION(S) OF THE LAND(S) DESCRIBED IN AND COVERED BY ROYAL PATENT 4475, LAND COMMISSION AWARD 7713, APANA 45 TO VICTOR KAMAMALU) SITUATE, LYING AND BEING AT KAELEPULU, KAILUA, DISTRICT OF KOOLAUPOKO, CITY AND COUNTY OF HONOLULU, STATE OF HAWAII, BEING LOT 14, BLOCK 4, OF THE "KAELEPULU SUBDIVISION", AS DELINEATED ON BISHOP ESTATE, MAP 3652, AND THUS BOUNDED AND DESCRIBED:

BEGINNING AT AN IRON PIN AT THE SOUTHWEST CORNER OF THIS LOT, THE NORTHWEST CORNER OF LOT 15, BLOCK 4, AND ON THE EASTERLY SIDE OF AUMOE ROAD, THE COORDINATES OF SAID POINT OF BEGINNING REFERRED TO GOVERNMENT SURVEY TRIANGULATION STATION "MOKAPU", BEING 22, 404.80 FEET SOUTH AND 19.94 FEET EAST, AND RUNNING BY AZIMUTHS MEASURED CLOCKWISE FROM TRUE SOUTH:

1. 184 DEGREES 50 MINUTES 80.00 FEET ALONG THE EASTERLY SIDE OF AUMOE ROAD TO AN IRON PIN;

2. 274 DEGREES 59 MINUTES 125.00 FEET ALONG LOT 13, BLOCK 4, TO AN IRON PIN;

3. 4 DEGREES 59 MINUTES 80.00 FEET ALONG BISHOP ESTATE LAND TO AN IRON PIN;

4. 94 DEGREES 59 MINUTES 125.00 FEET ALONG LOT 15, BLOCK 4, TO THE POINT OF BEGINNING, CONTAINING AN AREA OF 10.000 SQUARE FEET, MORE OR LESS.

BEING THE PREMISES DESCRIBED IN DEED (BY WAY OF EXCHANGE) (DIRECT DEEDING PURSUANT TO EXCHANGE AGREEMENT) DATED APRIL 13, 2004, RECORDED IN THE BUREAU OF CONVEYANCES OF THE STATE OF HAWAII AS DOCUMENT NO. 2004-076618.

SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENTS, COVENANTS, OIL, GAS OR MINERAL RIGHTS OF RECORD, IF ANY.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

**CV12- 2445 SVW (MANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Green & Hall, APC
Howard D. Hall, Esq. (SBN 145024)
Artin Betpera, Esq. (SBN 244477)
1851 E. First Street, 10th Floor
Santa Ana, CA 92705 (714)918-7000

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TITLE RESOURCES GUARANTY COMPANY, a Texas corporation,<br>PLAINTIFF(S)<br>v.<br>CRISTINE SUTTON f/k/a CRISTINE CHANG, an individual; BRYAN GEEKEONG SUTTON, an individual; and DOES 1 through 10, inclusive,<br>DEFENDANT(S). | CASE NUMBER<br>CV12-02445 SVW(MANx)<br><br>**SUMMONS** |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Artin Betpera, Esq., whose address is 1851 E. First Street, 10th Floor, Santa Ana, CA 92705. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAR 21 2012

By: ____________________
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
TITLE RESOURCES GUARANTY COMPANY, a Texas corporation

**DEFENDANTS**
CRISTINE SUTTON f/k/a CRISTINE CHANG, an individual; BRYAN GEEKEONG SUTTON, an individual; and DOES 1 through 10, inclusive,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
GREEN & HALL, APC
Howard D. Hall, Esq./Artin Betpera, Esq.
1851 E. First Street, 10th Floor, Santa Ana, CA 92705 (714)918-7000

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No

☑ **MONEY DEMANDED IN COMPLAINT: $** In excess of $321,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Diversity Jurisdiction per 28 U.S.C. Section 1391(b) over claims arising out of real estate fraud.

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☑ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV12-02445

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Dallas County, Texas |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Honolulu County, Hawaii |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** March 21, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |