GREEN & HALL, A PROFESSIONAL CORPORATION
Howard D. Hall, Esq. (State Bar No. 145024)
Artin Betpera (State Bar No. 244477)
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Attorneys for Plaintiffs
TITLE RESOURCES GUARANTY COMPANY

FILED
2012 MAY 17 PM 1:03
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

TITLE RESOURCES GUARANTY COMPANY, a Texas corporation,

Plaintiff,

vs.

CRISTINE SUTTON f/k/a CRISTINE CHANG, an individual; BRYAN GEEKEONG SUTTON, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No. CV12-02445 SVW (MANx)

**VERIFIED FIRST AMENDED COMPLAINT OF PLAINTIFF FOR:**
**1. QUIET TITLE**
**2. DECLARATORY RELIEF**
**3. CONSTRUCTIVE TRUST**
**4. FRAUD**
**5. CONSPIRACY**
**6. MONEY HAD AND RECEIVED**
**7. MONEY PAID**
**8. UNJUST ENRICHMENT**
**9. BREACH OF PROMISSORY NOTE**

[DEMAND FOR JURY TRIAL]

Plaintiff Title Resources Guaranty Company, a Texas corporation, for its causes of action against Defendants Cristine Sutton f/k/a Cristine Chang and Bryan Geekeong Sutton, alleges as follows:

## I. INTRODUCTION

1. Defendants Cristine and Bryan Sutton committed fraud in the sale of real property located at 380 South Euclid Avenue #307, Pasadena, California (the "Subject Property") through the fraudulent recordation of a false reconveyance of a deed of trust securing a $321,000 loan made by Wells Fargo Bank, NA ("Wells Fargo") to Defendant Cristine Sutton (the "Wells Fargo Loan") to create the appearance that the Subject Property was unencumbered.

2. Plaintiff Title Resources Guaranty ("TRGC"), through a policy of title insurance, insured the purchasers of the Subject Property (the "Purchasers") against certain title risks. The Purchasers of the Subject Property unknowingly took title subject to the fraudulently reconveyed deed of trust. As a result, TRGC has been required to accept the Purchasers' claim under this policy of title insurance, and has been harmed by incurring significant expense in defending the Purchasers' title to the Subject Property. In addition to this harm, Wells Fargo recorded a Notice of Default against the Subject Property on January 6, 2012; TRGC will soon resolve the Wells Fargo Loan, and will suffer great monetary harm, in order to avoid foreclosure.

3. These circumstances have put TRGC in a position of being, in effect, the successor to Wells Fargo. Since Defendants' conduct effectively destroyed the prior security for the Wells Fargo Loan, equity and justice compel the re-establishment of this security through substitute collateral consisting of an equitable mortgage on Defendants' new primary residence located at 225 Aumoe Road, Kailua, Hawaii 96734 (the "Hawaii Property").

## II. THE PARTIES

4. Plaintiff TRGC is a Texas corporation with its principal place of business in the State of Texas, and at all relevant times herein, was duly authorized to conduct business in the State of California.

5. Defendant Cristine Sutton, formerly known as Cristine Chang, is an individual who resides in the County of Honolulu, State of Hawaii.

6. Defendant Bryan Geekeong Sutton is an individual who resides in the County of Honolulu, State of Hawaii.

7. TRGC is informed and believes, and on that basis alleges, that at all relevant times herein Defendants were each acting as an agent, servant or representative of each of said other Defendants, or were at all times mentioned herein acting within the course and scope of such agency, servitude or representation, and that all acts of said Defendants, and each of them, were authorized, directed and ratified by each of the remaining Defendants.



GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

8. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants herein designated by the fictitious names DOES 1 through 50 (the "DOE Defendants"), inclusive are unknown to TRGC, who therefore sues these defendants by such fictitious names. When the true names and capacities of the DOE Defendants have been ascertained, TRGC will amend this pleading accordingly. TRGC is informed and believes and based thereon alleges that each of the DOE Defendants is in some manner responsible for the acts, omissions and/or occurrences hereinafter alleged and actually and proximately caused and/or contributed to the various injuries and damages set forth in herein.

## III. JURISDICTION AND VENUE

9. This Court has personal jurisdiction over the parties because they are either residents of the State of California, have engaged in business activities in the State of California, or have committed tortious acts within the State of California. In addition, the real property sale transaction that forms the subject of this litigation occurred in the State of California.

10. This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. section 1332 because of the complete diversity of citizenship of the parties, and because the amount in controversy exceeds $75,000.

11. Venue is proper in this District because, under 28 U.S.C. § 1391(b), a substantial part of the events or omissions giving rise to the claims herein occurred within this District.

## IV. GENERAL ALLEGATIONS

12. On or about July 19, 2006, Defendant Cristine Sutton purchased the Subject Property. Defendant Cristine Sutton's purchase was financed by a $321,000 loan made by Wells Fargo secured by Deed of Trust (the "Wells Fargo Deed of Trust") on the Subject Property.

13. TRGC is informed and believes, and based thereon alleges that in late 2010, Defendants devised a scheme to steal approximately $321,000 of equity in the Subject

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

Property that consisted of the security for the Wells Fargo Loan. TRGC is informed and believes, and based thereon alleges that through this scheme, Defendants agreed and conspired to record a false reconveyance of the Wells Fargo Deed of Trust to create the appearance that the Subject Property was unencumbered. Defendants then agreed and conspired to sell the Subject Property to innocent purchasers, who would pay the full purchase price of the Subject Property to the Defendants without paying off the Wells Fargo Loan.

14. TRGC is informed and believes, and based thereon alleges that on or about November 30, 2010, Defendants prepared a false "Deed of Reconveyance" purporting to reconvey the Wells Fargo Deed of Trust (the "False Reconveyance"). In this False Reconveyance, Bryan Sutton misrepresented that he was the "Trustee" of Wells Fargo Deed of Trust, and had Wells Fargo's "tacit authorization and consent to reconvey," the Deed of Trust. Defendants further misrepresented in the False Reconveyance that the Wells Fargo Loan was "fully satisfied." On December 9, 2010, Defendants caused the False Reconveyance to be recorded in the Official Records of the County of Los Angeles as Instrument No. 20101822157. The False Reconveyance is attached as Exhibit "A" to this Complaint.

15. TRGC is informed and believes, and based thereon alleges that Defendants continued to make payments on the Wells Fargo Loan to avoid detection of the False Reconveyance.

16. In or around April of 2011, Defendants listed the Subject Property for sale. TRGC is informed and believes, and based thereon alleges that through the recordation of the False Reconveyance, Defendants intended to mislead any would-be purchasers, and all other parties to the sale transaction, into believing that the Subject Property was unencumbered, and that Defendants were entitled to the full purchase price of the Subject Property without the necessity of paying off any prior encumbrances.

///

///

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

17. In or about July of 2011, the Purchasers of the Subject Property responded to Defendants' listing and ultimately contracted to purchase the Subject Property from Defendant Cristine Sutton.

18. TRGC provided a policy of title insurance that insured the Purchasers' title to the Subject Property against certain risks enumerated in the title policy (the "Title Policy"). The Title Policy was issued to the Purchasers by TRGC's affiliate Equity Title Company ("ETC"), the sub-escrow agent for the sale transaction. Sub-escrow agents such as ETC provide services for real property transactions including the issuance of policies of title insurance, and the delivery of funds to lien holders in order to place title in the condition called for in the agreement between the seller, buyer and/or lender.

19. Throughout this real property sale transaction, Defendants actively concealed from every party involved the fact that the Subject Property was encumbered by the Deed of Trust securing the Wells Fargo Loan.

20. For example, in response to an e-mail inquiry made on August 16, 2011 by primary escrow agent West Coast Escrow regarding the status of the Wells Fargo Loan, Defendant Cristine Sutton misrepresented that the Wells Fargo Loan had been "paid off in full", and attached a copy of the False Reconveyance "as proof." Defendant Cristine Sutton's e-mail is attached as Exhibit "B" to this Complaint.

21. The Purchasers ultimately purchased the Subject Property for the price of $370,000. In reliance on Defendants' misrepresentations and concealments of material fact (including the False Reconveyance), TRGC provided the Title Policy for the benefit of the Purchasers.

22. On or about August 4, 2011, Defendant Cristine Sutton executed a Grant Deed conveying title to the Subject Property to the Purchasers (the "Grant Deed"). The Grant Deed was recorded on September 15, 2011 in the Official Records of the County of Los Angeles as Instrument No. 20111256745 and is attached as Exhibit "C" to this Complaint.

///

23. After purchasing the Subject Property, the Purchasers discovered that Defendants had lied about the fact that the Wells Fargo Loan had been paid off, and discovered that the Defendants had recorded the False Reconveyance purporting to release the Deed of Trust securing the Wells Fargo Loan. This discovery was prompted by the recordation by Wells Fargo of a Notice of Default against the Subject Property as a result of Defendants' failure to make their required payments under the Wells Fargo Loan.

24. As a result, the Purchasers tendered a claim under the Title Policy to TRGC. This claim is covered under the Title Policy issued to the Purchasers, and TRGC has accepted the Purchasers' claim. As a result of Defendants' fraud, TRGC has now been required to expend resources in defending the Purchasers' title to the Subject Property, and will have to secure the release of the Wells Fargo Deed of trust through satisfaction of the Wells Fargo Loan, or by exercising one of its other options under the Title Policy to protect its insureds.

25. Through Defendants' willful and unlawful conduct, TRGC has in effect become the unwilling successor mortgagee of the Wells Fargo Loan, it bearing the ultimate responsibility for its satisfaction to preserve the Purchasers' title to the Subject Property. However, Defendants' conduct has effectively resulted in the destruction of the security for the Wells Fargo Loan. As the unwilling successor mortgagee to Wells Fargo, TRGC now seeks replacement collateral for the Wells Fargo Loan. Through this lawsuit, TRGC not only seeks to recover the considerable damage caused by Defendants' fraudulent conduct, but seeks to re-establish the security for the Wells Fargo Loan through an equitable mortgage on Defendants' current primary residence, the Hawaii Property.

**<u>FIRST CLAIM FOR RELIEF</u>**

**(Quiet Title against Defendants, and DOES 1 through 50)**

26. TRGC incorporates by reference the allegations set forth above in paragraphs 1 through 25, as through full set forth herein.

/ / /

/ / /



GREEN & HALL ATTORNEYS AT LAW A PROFESSIONAL CORPORATION

27. Through the above-described conduct of Defendants, TRGC has become the unwilling *de facto* successor and assignee of the Wells Fargo Loan, it bearing the ultimate responsibility for its satisfaction to preserve the Purchasers' title to the Subject Property.

28. Defendants, through their above-described conduct, have effectively destroyed the security for the Wells Fargo Loan through the recordation of the False Reconveyance, and sale of the Subject Property to innocent purchasers.

29. TRGC, as Defendants' new mortgagee, now seeks replacement collateral for the Wells Fargo Loan through the imposition of an equitable mortgage upon the Hawaii Property, identified as Assessors Parcel No. 420190020000. The legal description of the Hawaii Property is attached to this Complaint as Exhibit "D".

30. TRGC seeks a determination from this Court that the Hawaii Property is subject to an equitable mortgage in favor of TRGC to secure repayment of the remaining principal balance of the Wells Fargo Loan in an amount no less than $321,000. TRGC seeks this determination effective as of December 9, 2010, the date of recordation of the False Reconveyance.

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

## SECOND CLAIM FOR RELIEF

**(Declaratory Relief against Defendants, and DOES 1 through 50)**

31. TRGC incorporates by reference the allegations set forth above in paragraphs 1 through 30, as through full set forth herein.

32. An actual controversy has arisen between TRGC and Defendants concerning the title to the Hawaii Property. TRGC contends that it is entitled to an equitable mortgage on the Hawaii Property as replacement collateral for the Wells Fargo Loan, since Defendants effectively destroyed the original collateral for the loan through their above-described fraud.

33. TRGC seeks a determination from the Court that, due to Defendants' above-described conduct, the Hawaii Property shall serve as the replacement collateral for the Wells Fargo Loan, and that the Hawaii Property is subject to an equitable mortgage with an

effective date of December 9, 2010 for the benefit of TRGC, and for the purpose of securing the repayment of the funds expended to satisfy the Wells Fargo Loan.

## THIRD CLAIM FOR RELIEF

**(Constructive Trust against Defendants, and DOES 1 through 50)**

34. TRGC incorporates by reference the allegations set forth above in paragraphs 1 through 33, as through full set forth herein.

35. Defendants, through their above-described conduct, wrongfully obtained approximately $321,000 of the purchase price of the Subject Property that should have been used to pay off the Wells Fargo Loan.

36. As a result of Defendants' conduct set forth above, Defendants hold these proceeds as constructive trustee for TRGC's benefit, as TRGC has been forced to defend the Purchasers' title to the Subject Property because of Defendants' above-described conduct.

## FOURTH CLAIM FOR RELIEF

**(Fraud against Defendants, and DOES 1 through 50)**

37. TRGC incorporates by reference the allegations set forth above in paragraphs 1 through 36, as through full set forth herein.

38. As set forth in detail above, Defendants misrepresented to all parties involved in the purchase of the Subject Property that the Subject Property was unencumbered, and actively concealed the fact that the Subject Property was subject to a Deed of Trust securing the Wells Fargo Loan.

39. These misrepresentations and concealments of material facts included Defendants' recordation of the False Reconveyance that misrepresented that: (1) Defendant Bryan Sutton was the Trustee of the Deed of Trust securing the Wells Fargo Loan; (2) that Defendant Bryan Sutton had the authority to record a reconveyance of the Deed of Trust; and (3) that the Wells Fargo Loan had been fully satisfied.

///

///

40. By recording the False Reconveyance in the chain of title to the Subject Property, Defendants intended to induce all parties to the sale of the Subject Property, including TRGC, to close the sale and/or pay the full purchase price of the Subject Property to Defendants. Defendants also made further misrepresentations to the primary escrow agent for the sale of the Subject Property, including misrepresentations made by Defendant Cristine Sutton via e-mail that the Wells Fargo Loan had been paid in full.

41. TRGC is informed and believes, and based thereon alleges that Defendants knew these representations were false at the time that they made them, and made these representations, and concealed material facts with the intent to induce the parties involved in the sale of the Subject Property, including TRGC, to take the necessary steps to close the sale transaction, and to take the necessary actions to release the full purchase price of the Subject Property to Defendants without paying off the Wells Fargo Loan.

42. TRGC's agent reasonably relied upon the False Reconveyance in providing the Title Policy to the Purchasers. As sellers of the Subject Property, Defendants were under a duty to all parties involved to fully and accurately disclose material facts concerning the encumbrances on the Subject Property, and not to misrepresent facts or record fraudulent documents concerning those encumbrances.

43. As a direct and proximate result of Defendants' misrepresentations and concealment of material facts, TRGC has been damaged in an amount according to proof at the time of trial.

44. Defendants' conduct as set forth above was intentional, wanton, and willful, entitling TRGC to punitive and exemplary damages.

**FIFTH CLAIM FOR RELIEF**

**(Conspiracy against Defendants, and DOES 1 through 50)**

45. TRGC incorporates by reference the allegations set forth above in paragraphs 1 through 44, as through full set forth herein.

///

///



GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

46. TRGC is informed and believes, and based thereon alleges that Defendants Cristine and Bryan Sutton collectively agreed, by words or conduct, to defraud all parties involved in the sale of the Subject Property, including TRGC, through concealing and misrepresenting material facts concerning the existence of the Deed of Trust against the Subject Property securing the Wells Fargo Loan.

47. TRGC is informed and believes, and based thereon alleges that one or more unlawful acts were performed to accomplish this goal, including but not limited to the preparation and recordation of the False Reconveyance.

48. TRGC suffered damages in an amount according to proof at the time of trial that were caused by the acts performed to accomplish the Defendants' goal of defrauding TRGC in the sale of the Subject Property.

49. Defendants' conduct as set forth above was intentional, wanton, and willful, entitling TRGC to punitive and exemplary damages.

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

**SIXTH CLAIM FOR RELIEF**

**(Money Had and Received against Defendants, and DOES 1 through 50)**

50. TRGC incorporates by reference the allegations set forth above in paragraphs 1 through 49, as through full set forth herein.

51. In or about August of 2011 Defendants became indebted to TRGC in excess of $321,000 as a result of Defendants' above-described conduct.

52. TRGC has demanded payment from Defendants.

53. No payment has been made by Defendants to TRGC, and there is now owing sums in excess of $321,000, with interest on those amounts at the maximum legal rate.

**SEVENTH CLAIM FOR RELIEF**

**(Money Paid against Defendants, and DOES 1 through 50)**

54. TRGC incorporates by reference the allegations set forth above in paragraphs 1 through 53, as through full set forth herein.

///

///

55. Due to the acts of the Defendants as alleged above, TRGC has been compelled to take action to satisfy the Wells Fargo Loan. TRGC has been compelled to satisfy this debt of the Defendants' due to the Defendant's unlawful and fraudulent conduct, and to protect the interests of TRGC's insureds in the Subject Property pursuant to the terms of the Title Policy.

56. TRGC has demanded payment from Defendants.

57. No payment has been made by Defendants to TRGC, and there is now owing sums in excess of $321,000, with interest on those amounts at the maximum legal rate.

**EIGHTH CLAIM FOR RELIEF**

**(Unjust Enrichment against Defendants, and DOES 1 through 50)**

58. TRGC incorporates by reference the allegations set forth above in paragraphs 1 through 57, as through full set forth herein.

59. Defendants, as a result of their above-described conduct, have been and will continue to be unjustly enriched at the expense of TRGC.

60. Defendants should be required to disgorge this unjust enrichment which consists of in excess of $321,000 that should have been used to pay off the Wells Fargo Loan, but was not as a result of Defendants' unlawful and fraudulent conduct.

**NINTH CLAIM FOR RELIEF**

**(Breach of Promissory Note against Cristine Sutton, and DOES 1 through 50)**

61. TRGC incorporates by reference the allegations set forth above in paragraphs 1 through 60, as through full set forth herein.

62. In or about July of 2006, Cristine Sutton executed a promissory note evidencing and setting forth the repayment terms for the $321,000 Wells Fargo Loan (the "Promissory Note").

63. Wells Fargo has agreed to sell and assign the Promissory Note to TRGC. As of the date of this First Amended Complaint, TRGC and Wells Fargo are in the process of preparing the required agreements and other documents necessary to effect the sale and assignment of the Promissory Note.

64. The sale and assignment of the Promissory Note to TRGC will be completed within approximately 30-60 days from the date of this First Amended Complaint, but in no event later than the date of trial in this action.

65. Cristine Sutton is in breach of her repayment obligations under the Promissory Note, and has not made any payments on the Promissory Note since in or about August of 2011.

66. TRGC, as the assignee of the Promissory Note, will have performed or otherwise will have been excused from performing its obligations under the Promissory Note.

67. As of the date of this First Amended Complaint, and as a result of Cristine Sutton's breach of her repayment obligations under the Promissory Note, there is due and owing in excess of $360,000 under the Promissory Note. Cristine Sutton has failed to pay any portion of the balance owed under the Promissory Note.

WHEREFORE, TRGC prays for judgment in its favor as follows against all Defendants as follows:

FIRST AND SECOND CAUSES OF ACTION

1. For a declaration and judgment that Defendants' title to the Hawaii Property is subject to an equitable mortgage effective December 19, 2010 for the benefit of TRGC in an amount no less than $321,000;

THIRD CAUSE OF ACTION

2. For an order declaring that Defendants holds the funds that should have been utilized to pay off the Wells Fargo Loan in trust for the benefit of TRGC;

FOURTH AND FIFTH CAUSES OF ACTION

3. For damages against Defendants in an amount equal to the actual damages suffered by TRGC in an amount according to proof at the time of trial;

4. An award of punitive damages for the intentional and willful acts of Defendants;

///

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

SIXTH AND SEVENTH CAUSES OF ACTION

5. For the principal sum in an amount according to proof at the time of trial, but in excess of $321,000;

6. For interest on this sum at the maximum legal rate;

EIGHTH CAUSE OF ACTION

7. For an order requiring that the Defendants disgorge any and all funds that they unlawfully obtained through their above-described conduct, and that should have been used to pay off the Wells Fargo Loan at the time of the sale of the Subject Property;

SIXTH AND SEVENTH CAUSES OF ACTION

8. For all sums due under the Promissory Note in an amount according to proof at the time of trial, but in excess of $360,000;

9. For interest on this sum at the default rate set forth in the Promissory Note;

AS TO ALL CAUSES OF ACTION

10. For reasonable attorneys' fees;

11. For costs of suit incurred herein; and

12. For such other and further relief as the court may deem proper.

Dated: May 17, 2012

GREEN & HALL, A PROFESSIONAL CORPORATION

By: ______________________
Howard D. Hall, Esq.
Artin Betpera, Esq.
Attorneys for Plaintiff
TITLE RESOURCES GUARANTY COMPANY

## DEMAND FOR JURY TRIAL

TRGC hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: May 17, 2012

GREEN & HALL, A PROFESSIONAL CORPORATION

By: ______________________
Howard D. Hall, Esq.
Artin Betpera, Esq.
Attorneys for Plaintiff
TITLE RESOURCES GUARANTY COMPANY

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

## VERIFICATION

I, the undersigned, citizen of the United States, am a Vice President and Claims Counsel of Plaintiff Title Resources Guaranty Company, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read the foregoing Verified First Amended Complaint and, other than the matters stated on information and belief, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed this 17th day of May, 2012 at Dallas, Texas.

Paul V. Myers

GREEN & HALL ATTORNEYS AT LAW